No. 22-1298

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

KYLE BRANDON RICHARDS,

 Plaintiff-Appellant,

v.

THOMAS PERTTU, Residential Unit Manager, also named as
Unknown Perta in the complaint also known as Perttu,

 Defendant-Appellee.

Appeal from the United States District Court
Western District of Michigan, Northern Division
Honorable Hala Y. Jarbou

**BRIEF FOR DEFENDANT-APPELLEE PERTTU**

Austin C. Raines
Assistant Attorney General
Counsel of Record
Attorney for Defendant-Appellee
Perttu
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055

Dated: September 27, 2023

# TABLE OF CONTENTS

Page

Table of Authorities ............................................................................. ii

Statement in Support of Oral Argument ..................................................... iv

Jurisdictional Statement ........................................................................ 1

Statement of Issue Presented ................................................................. 2

Introduction ..................................................................................... 3

Statement of the Case ......................................................................... 4

Standards of Review ........................................................................... 6

Summary of Argument .......................................................................... 6

Argument ........................................................................................ 7

    I.    Questions of fact regarding exhaustion of
        administrative remedies are properly adjudicated by
        the district court following an evidentiary hearing. .............. 7

    II.   Factual disputes regarding exhaustion are not
        intertwined with merits of the case. .................................. 11

Conclusion and Relief Requested .............................................................. 14

Certificate of Compliance ...................................................................... 15

Certificate of Service ........................................................................... 16

Designation of Relevant District Court Documents .......................................... 17

i

# TABLE OF AUTHORITIES

Page

**Cases**

*Albino v. Baca,* 747 F.3d 1166  (9th Cir. 2014)................................. 8, 10, 11

*Anderson v. City of Bessemer City,* 470 U.S. 564 (1985)......................... 6

*Apple v. Glenn,* 183 F.3d 477 (6th Cir. 1999) ............................................ 13

*Argue v. Hofmeyer,* 80 F. App'x 427 (6th Cir. 2003)................................... 13

*Bryant v. Rich,* 530 F.3d 1368 (11th Cir. 2008)........................................ 8, 9

*Dillon v. Rogers,* 596 F.3d 260 (5th Cir. 2010) ....................................... 8, 9

*Hewitt v. Helms,* 459 U.S. 460 (1983) ...................................................... 13

*Jones v. Bock,* 549 U.S. 199 (2007) ............................................................ 8

*Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015) ................................ 3, 6, 8, 12

*McCarthy v. Madigan,* 503 U.S. 140 (1992) ....................................... 10, 11

*Messa v. Goord,* 652 F.3d 305 (2d Cir. 2011)........................................... 8, 9

*Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416 (6th Cir. 2006)........... 7, 12

*Myslivecek v. FCA US LLC,* Case No. 21-10346, 2022 WL 17904526, (E.D. Mich. Dec. 23, 2022) ...................................................................... 12

*Nelson v. Yuhas,* Case No. 20-cv-1256, 2021 WL 2410796, (W.D. Mich. June 14, 2021)...................................................................................... 13

*Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008) ........................ 3, 6, 8, 9, 10

*Porter v. Nussle,* 534 U.S. 516 (2002)........................................................ 8

*Ross v. Blake,* 578 U.S. 632 (2016)............................................................ 13

*Small v. Camden Cnty.,* 728 F.3d 265 (3d Cir. 2013) ............................ 8, 9

*Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441 (6th Cir. 2005)................ 13

*Woolsey v. Hunt,* 932 F.2d 555 (6th Cir. 1991) ........................................ 6

*Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir. 2003).......................................... 8

**Statutes**

28 U.S.C. § 1291 ...................................................................................... 1

42 U.S.C. § 1983 ................................................................................. 1, 12

42 U.S.C. § 1997e(a) ................................................................................ 7

**Other Authorities**

Prison Litigation Reform Act (PLRA).................................................. 7, 10

**STATEMENT IN SUPPORT OF ORAL ARGUMENT**

Plaintiff-Appellant Kyle Brandon Richards is an incarcerated offender with the Michigan Department of Corrections.  Defendant-Appellee Thomas Perttu asserts that the issues in this appeal can be adequately addressed by the briefs, and that oral argument is, therefore, not necessary.  However, if the Court deems oral arguments are necessary Defendant-Appellee will gladly present oral argument.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Richards' claims under 42 U.S.C. § 1983.  The district court entered judgment for Perttu on March 22, 2022.  Richards filed a timely notice of appeal by right on April 11, 2022.  Under 28 U.S.C. § 1291, this Court has jurisdiction to review the district court's final order dismissing Perttu.

## STATEMENT OF ISSUE PRESENTED

1.    The Prison Litigation Reform Act requires a plaintiff to exhaust available administrative remedies before bringing a claim to court. At a bench trial, Richards argued that his administrative remedies were unavailable due to Perttu's interference with the grievance system, but the district court nonetheless dismissed Richards' claim against Perttu based on Richards' failure to exhaust.  Does the Seventh Amendment require a jury to determine disputed questions of fact regarding exhaustion of administrative remedies that are intertwined with the merits?

## INTRODUCTION

This Court has requested supplemental briefing on the limited question of whether a district court may decide disputed questions of fact, following an evidentiary hearing, regarding exhaustion of administrative remedies that are intertwined with the merits of a plaintiff's claim or whether such disputes must be decided by a jury pursuant to the Seventh Amendment.  In *Lee v. Willey*, this Court held that "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury," joining six other circuits that had considered the issue.  789 F.3d 673, 677–78 (6th Cir. 2015).  While *Lee* did not involve exhaustion issues intertwined with the merits of the claim, the Seventh Circuit in *Pavey v. Conley,* held that in light of Congress' intentions in adopting the exhaustion requirement, it was proper for the district court to determine disputed facts regarding exhaustion that may also go to the merits.  544 F.3d 739, 742 (7th Cir. 2008).  This Court should adopt the reasoning of *Pavey,* holding that factual issues regarding exhaustion should be determined by the court, regardless of whether questions of exhaustion are intwined with questions on the merits, and affirm the district court.

3

## STATEMENT OF THE CASE

Richards alleges that Perttu, a Resident Unit Manager (RUM), solicited him and other prisoners for sexual favors from June 2019 to mid-April 2020.  (Compl., R. 1, Page ID # 1–51.)   Perttu moved for summary judgment, arguing that Richards and his co-plaintiffs failed to exhaust administrative remedies before filing their complaint.   (Mot. for Summ. J., R. 34, Page ID # 108–10.)   The district court denied Perttu's motion, finding that there was a question of fact as to whether the grievance process was available to Richards due to his allegation that Perttu interfered with his grievance filings.  (Order, R. 105, Page ID # 465–69.)  Thereafter, a bench trial was conducted on the issue of exhaustion.  (Minutes, R. 156, Page ID # 748–49.)

At the bench trial, Perttu presented evidence that the grievance procedure was available to Richards, but that Richards did not properly file any grievances regarding his claims herein against Perttu prior to filing suit.  (R & R, R. 157, Page ID # 754–55.)  Richards and his co-plaintiffs argued that their failure to exhaust was excused because administrative remedies were not available because Perttu thwarted their efforts to file grievances.  (*Id.* at Page ID # 768–72.)  Thereafter,

4

the magistrate judge issued a Report and Recommendation (R&R), recommending that the case be dismissed without prejudice for failure to exhaust administrative remedies. (*Id.* at Page ID # 787.) The magistrate found that Perttu proved by a preponderance of the evidence that the plaintiffs had failed to exhaust their administrative remedies and that they failed to prove that Perttu, or any other MDOC official, thwarted their efforts to file grievances against Perttu. (*Id.*) The district court adopted the R&R, overruling numerous objections by Richards and his co-plaintiffs. (Order, R. 169, Page ID # 865–69.)

Richards filed his notice of appeal on April 11, 2022. (Notice, R. 172, Page ID # 878.) Richards' initial brief was filed on May 24, 2022, (Appellant Br., Doc. 7-1), and Perttu filed his response on August 31, 2022, (Appellee Br., Doc. 10). Thereafter, this Court requested supplemental briefing on whether it is proper for a district court to hold an evidentiary hearing and decide disputed facts related to exhaustion that are intertwined with the merits. (Order, Doc. 19.)

## STANDARDS OF REVIEW

A district court's conclusions of law regarding exhaustion of administrative remedies are reviewed de novo.   *Woolsey v. Hunt,* 932 F.2d 555, 563 (6th Cir. 1991).  A district court's factual findings are accepted on appeal unless they are clearly erroneous.  *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985); *see also Lee,* 789 F.3d at 678.

## SUMMARY OF ARGUMENT

In *Lee,* this Court joined its sister courts in holding that factual disputes regarding exhaustion of administrative remedies are properly determined by the district court following an evidentiary hearing.  789 F.3d at 678.  While *Lee* did not address instances where factual questions about exhaustion were intertwined with the merits of the case, *id.*, the Seventh Circuit in *Pavey*, held that in such instances where exhaustion and merits issues are intertwined, it is proper for the district court to make the preliminary decision regarding exhaustion, but a subsequent jury in considering the merits is not bound by the court's factual determinations, 544 F.3d at 741.  This is the correct approach and should be adopted here.

Regardless of whether the district court may decide factual

disputes related to exhaustion and intertwined with the merits, the

facts regarding exhaustion in this case are not intertwined with the

merits of Richards' claims.  The exhaustion requirement does not arise

from the same statute creating Richards' cause of action, and thus are

not intertwined.  *Moore v. Lafayette Life Ins. Co.,* 458 F.3d 416, 444 (6th

Cir. 2006).  Additionally, interference with the grievance process fails to

state a constitutional violation and therefore facts related to a plaintiff's

grievance cannot be intertwined with the merits of a constitutional

violation.

## ARGUMENT

### I.   Questions of fact regarding exhaustion of administrative remedies are properly adjudicated by the district court following an evidentiary hearing.

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall

be brought with respect to prison conditions under section [1983 of this

title], or any other Federal law, by a prisoner . . . until such

administrative remedies as are available are exhausted.  42 U.S.C. §

1997e(a).  The exhaustion requirement is mandatory, but not

jurisdictional.  *See, e.g., Porter v. Nussle,* 534 U.S. 516, 532 (2002).  The

failure to exhaust is an affirmative defense that the defendants have

the burden to plead and prove by a preponderance of the evidence.

*Jones v. Bock,* 549 U.S. 199, 218 (2007).

In *Lee,* this Court held that disputed issues of fact regarding

exhaustion under the PLRA were a matter of judicial administration that

could be decided in a bench trial.  789 F.3d at 678.  In so holding, this Court

joined the six other circuits to examine the issue, agreeing that "judges may

resolve factual disputes relevant to the exhaustion issue without the

participation of a jury."  *Small v. Camden Cnty.,* 728 F.3d 265, 271 (3d Cir.

2013); *see also Messa v. Goord,* 652 F.3d 305, 308–09 (2d Cir. 2011) (per

curiam); *Dillon v. Rogers,* 596 F.3d 260, 272 (5th Cir. 2010); *Pavey,* 544 F.3d

at 742; *Bryant v. Rich,* 530 F.3d 1368, 1373–77 (11th Cir. 2008); *Wyatt v.

Terhune,* 315 F.3d 1108, 1119–20 (9th Cir. 2003), *overruled on other

grounds by Albino v. Baca,* 747 F.3d 1162, 1166, 1170–71 (9th Cir. 2014) (en

banc).

These cases noted that while the Seventh Amendment guarantees the

right to a jury trial on the merits of an action seeking relief under section

1983, "not every factual issue that arises in the course of a litigation is

triable to a jury as a matter of right, even if it is a suit at law . . . within the meaning of the Seventh Amendment." *Pavey,* 544 F.3d at 741.  The courts have found that exhaustion of administrative remedies is analogous to other threshold issues of judicial administration, like subject matter jurisdiction, personal jurisdiction, venue, and abstention, that "courts must address to determine whether litigation is being conducted in the right forum at the right time . . . ." *Dillon,* 596 F.3d at 272; *see also Pavey,* 544 F.3d at 741 ("Juries decide cases, not issues of judicial traffic control. Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to.").

While these cases hold that generally the courts should determine factual issues regarding exhaustion following an evidentiary hearing, dicta in some of the cases suggest that it may not be proper when the factual dispute relating to exhaustion is intertwined with the merits of the case. *Messa,* 652 F.3d at 309; *Bryant,* 530 F.3d at 1377; *Small,* 728 F.3d at 270. However, in *Pavey,* after determining that there was a possible overlap between factual issues related to exhaustion and to the merits, the Seventh Circuit held that it was still proper for the district court to make factual findings related to exhaustion.  *Pavey,* 544 F.3d at 741–42.  This holding

was despite that the fact that the plaintiff's broken arm formed the basis for both his excessive force claim and his inability to exhaust available administrative remedies. *Id.* at 740, 742. In so holding, the Seventh Circuit explained "that any finding that [a district] judge makes, that might affect the merits may be reexamined by the jury if—and only after—the prisoner overcomes the exhaustion defense and the case proceeds to the merits." *Id.* at 742. This is proper to prevent a jury from deciding a case on the merits that should not be before the district court in the first place, a result that the PLRA was designed to prevent. *Id.*

In *Albino,* the Ninth Circuit expressly agreed with *Pavey,* finding that when exhaustion is intertwined with the merits, the court is to determine facts related to exhaustion, but the court's factual findings related to exhaustion are not binding on the jury as to the merits. 747 F.3d at 1171. The procedure outlined in *Pavey,* and adopted in *Albino,* is consistent with Congress' intent in adopting the PLRA, serving the "twin purposes of protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992). "[A]ppropriate deference to Congress' power to prescribe the basic procedural scheme . . . requires fashioning of exhaustion principles in a manner consistent with

congressional intent." *Id.* at 144.

Because Congress mandated early judicial screening of prisoner complaints and requires prisoners to exhaust administrative remedies before filing suit, deciding facts related to exhaustion by a bench trial is consistent with Congress' intent to promote judicial efficiency and improve the quality of prisoner suits. Therefore, this Court should join the Seventh and Ninth Circuits in allowing the district courts to determine exhaustion facts regardless of whether they are intertwined with the merits of the case.

## II. Factual disputes regarding exhaustion are not intertwined with merits of the case.

While this Court has asked whether it is proper for a district court to resolve factual disputes related to exhaustion that are intertwined with the merits of the case, Richards' argument that his administrative remedies were unavailable due to Perttu's interference with the grievance process is not intertwined with the merits of his constitutional claims.

### A. Exhaustion of administrative remedies does not arise out of the same statute as the merits of Richards' claims.

This Court has held that facts regarding a threshold issue of judicial administration and the merits are considered intertwined if the threshold issue and the cause of action arise out of the same statute. *Moore v.*

11

*Lafayette Life Ins. Co.,* 458 F.3d 416, 444 (6th Cir. 2006).  While subject

matter jurisdiction was at issue in *Moore*, as noted above, this Court and

other circuit courts have repeatedly noted that exhaustion of administrative

remedies is analogous to subject matter jurisdiction and other threshold

issues of judicial administration.  *See, e.g., Lee,* 789 F.3d at 678.

The remedy for Richards' claims of constitutional violations is created

by 42 U.S.C. § 1983.  However, the exhaustion requirement was created by

the PLRA and the administrative remedies that Richards must exhaust

were created by MDOC policy.  Because the exhaustion requirement in this

case was not created by the same statute that provides a remedy for

Richards' cause of action, the facts of exhaustion are not intertwined with

the merits of the case.  *See e.g., Myslivecek v. FCA US LLC,* Case No. 21-

10346, 2022 WL 17904526, at *6–7 (E.D. Mich. Dec. 23, 2022).  Therefore,

this Court should affirm the district court's ruling.

### B.   The facts applicable to exhaustion do not amount to a constitutional violation.

The facts Richards alleged to show that Perttu interfered with his

grievance process are not intertwined with the merits of his claims of sexual

misconduct and they fail to state a constitutional claim on their own.  The

courts have consistently held that there is no inherent constitutional right to an effective prison grievance procedure. *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). There exists no due process right to an effective prison grievance procedure. *See Hewitt v. Helms,* 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005). Thus, the right to petition the government is not violated by a defendant's failure to process or act on a grievance, because the right to petition the government does not guarantee a response to the petition. *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).

Finally, interference with the grievance process does not give rise to a First Amendment retaliation claim because it is not an adverse action. *See e.g., Nelson v. Yuhas,* Case No. 20-cv-1256, 2021 WL 2410796, at *4 (W.D. Mich. June 14, 2021). A defendant preventing a prisoner from pursuing a grievance has not committed an adverse action that would prevent the prisoner from filing a civil rights claim because the grievance process would be considered unavailable, and exhaustion not required. *See Ross v. Blake,* 578 U.S. 632, 641–44 (2016). This Court should therefore conclude that the issue of exhaustion is not intertwined with the merits of Richards' claims and affirm the district court.

13

## CONCLUSION AND RELIEF REQUESTED

For the forgoing reasons, this Court should conclude that disputed questions of fact related to exhaustion are properly determined following a bench trial, regardless of whether the facts of exhaustion are intertwined or otherwise related to the merits of the case.

Furthermore, the factual questions regarding exhaustion in this case are not intertwined with the merits because they do not arise out of the same statute and because interference with the grievance process fails to state a constitutional violation.

Respectfully submitted,


/s/ *Austin C. Raines*
Austin C. Raines
Assistant Attorney General
Counsel of Record
Attorney for Defendant-Appellee
Perttu
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
rainesa@michigan.gov

Dated:  September 27, 2023

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of
Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding
the part of the document exempted by Federal Rule of Appellate
Procedure 32(f), this brief contains no more than 13,000 words.  This
document contains **2,472** words.

2.    This document complies with the typeface requirements of
Federal Rule of Appellate Procedure 32(a)(5) and the type-style
requirements of Federal Rule of Appellate Procedure 32(a)(6) because
this document has been prepared in a proportionally spaced typeface
using Word 2013 in 14-point Century Schoolbook.

*/s/ Austin C. Raines*
Austin C. Raines
Assistant Attorney General
Counsel of Record
Attorney for Defendant-Appellee
Perttu
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
rainesa@michigan.gov

15

## CERTIFICATE OF SERVICE

I certify that on **September 27, 2023**, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record (designated below).

Kyle Richards #641715
Ionia Correctional Facility
1576 W. Bluewater Hwy
Ionia, MI 48846

/s/ Austin C. Raines
Austin C. Raines
Assistant Attorney General
Counsel of Record
Attorney for Defendant-Appellee
Perttu
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
rainesa@michigan.gov

16

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Defendant-Appellee, per Sixth Circuit Rule 28(a), 28(a)(1)-(2),

30(b), hereby designated the following portions of the record on appeal:

| Description of Entry | Date | Record Entry No. | Page ID No. Range |
|---|---|---|---|
| Complaint | 04/23/2020 | R. 1 | 1-51 |
| Mot. for Summ. J. | 09/25/2020 | R. 34 | 108-10 |
| Order | 08/10/2021 | R. 105 | 465-69 |
| Minutes | 11/04/2021 | R. 156 | 748-49 |
| R&R | 12/03/2021 | R. 157 | 754-55, 768-72, 787 |
| Order | 03/22/2022 | R. 169 | 865-69 |
| Notice | 04/11/2022 | R. 172 | 878 |

17