

J. Scott Ballenger
Assistant Professor of Law, General Faculty
Director, Appellate Litigation Clinic

September 28, 2023

The Honorable Deborah S. Hunt, Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, OH 45202-3988

    Re: Richards v. Perttu, No. 22-1298

Dear Ms. Hunt,

    Pursuant to Federal Rule of Appellate Procedure Rule 28(j), newly appointed counsel for appellant Kyle Brandon Richards would like to bring to the Court's attention its decision in *Hill v. Duriron Co., Inc.*, 656 F.2d 1208 (6th Cir. 1981).

    Mr. Richards argued in his *pro se* informal brief that, because the court "refuse[d] to tender transcripts," his "objections to [the] R&R were not adequately addressed." 22-1298, Docket 7-1 at 3. *Hill* supports appellant's argument. There, this Court held that the district court did not provide "any meaningful review, much less a *de novo* determination" of a magistrate's report when "the transcript of hearings before the magistrate had not been filed when the district court issued its order." 656 F.2d at 1215. "[O]bjections based on the magistrate's treatment of the evidence could not be properly reviewed without a review of the record," because the court must "review at least those portions of the transcript of evidence which are relevant to the particular findings that are under attack." *Id.* Ultimately, this Court held that "the case did not receive the judicial attention which Article III of the Constitution requires." *Id.*

    So too here. The district court adopted the magistrate judge's report and recommendation without a transcript of the evidentiary hearing. *See* R.169, Page ID#866. Mr. Richards raised nine objections to the magistrate judge's findings, but more than half were denied simply because he "fail[ed] to provide a transcript of the hearing." R.169, Page ID#866; *id.* at 867 ("Because Plaintiffs have not provided a copy of the transcript, these objections are unsupported."). Mr. Richards is a mentally ill, *in forma pauperis*, *pro se* litigant who repeatedly requested appointment of counsel and was denied. See R.54, PageID#258. He should not have been denied meaningful Article III review merely because he did not yet understand the need to order a transcript. *Cf. Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956); *Boddie v. Connecticut*, 401 U.S. 371, 380–83 (1971).

Sincerely,

Director, Appellate Litigation Clinic
University of Virginia School of Law
580 Massie Road
Charlottesville, VA 22903
sballenger@law.virginia.edu
(202) 701-4925

Counsel for Kyle Brandon Richards

cc: All counsel via ECF